UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EDWARD GRIFFES, #626025,

                    Petitioner,

                                            CASE NO. 4:11-CV-14227

v.                                       HONORABLE MARK A. GOLDSMITH

STEVE RIVARD,

                    Respondent.

_____/


**OPINION AND ORDER GRANTING PETITIONER'S MOTION
TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE,
STAYING PROCEEDINGS, ADMINISTRATIVELY CLOSING CASE, AND
DENYING RESPONDENT'S MOTION TO ENLARGE RESPONSE TIME AS MOOT**

       This is a habeas case brought under 28 U.S.C. § 2254.  Petitioner Edward Griffes, currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, was convicted of first-degree felony murder, Mich. Comp. Laws § 750.316(b), receiving and concealing stolen property, Mich. Comp. Laws § 750.535(2)(b), and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, following a jury trial in the Montcalm County Circuit Court in 2006.  He was sentenced to life imprisonment without the possibility of parole on the murder conviction, a concurrent term of three to 10 years imprisonment on the stolen property conviction, and a consecutive term of two years imprisonment on the felony firearm conviction.

       In his pleadings, Petitioner raises claims concerning the denial of a change of venue and severance of defendants, the denial of expert witness fees, the admission of police testimony as expert testimony, the sufficiency of the evidence, and the jury selection.  This matter is before the Court on Petitioner's motion (Dkt. 5) to stay the proceedings and hold his habeas petition in abeyance so that he can return to state court to exhaust his remedies on additional claims concerning

prosecutorial misconduct, identification procedures, and/or the effectiveness of trial and appellate counsel.  Respondent has not yet filed an answer to the petition, but has filed a motion (Dkt. 6) to enlarge response time pending the Court's ruling on the motion to stay the proceedings.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition.  28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d).  The state courts must be given an opportunity to rule upon all of Petitioner's claims before he can present those claims on habeas review, or else this Court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process.  O'Sullivan, 526 U.S. at 845.  To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts.  McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000).  The claims must also be presented to the state courts as federal constitutional issues.  Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).  For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  The burden is on the petitioner to prove exhaustion.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

The Michigan Rules of Court provide a process through which Petitioner may raise his

unexhausted claims.  In fact, Petitioner states that he intends to file a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 et seq.  He may then appeal the trial court's decision to the state appellate courts as necessary.  Petitioner's unexhausted claims must first be addressed to, and considered by, the Michigan courts.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition.  Rhines v. Weber, 544 U.S. 269, 276 (2005).  Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court.  The unexhausted claims may not be "plainly meritless," and the petitioner may not engage in intentionally dilatory tactics.  Id. at 277.

In this case, Petitioner has shown the need for a stay.  He wishes to pursue several new claims which have not been unexhausted in the state courts.  The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), would pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies as Petitioner signed his habeas petition only six days before the expiration of the one-year period.  Additionally, Petitioner seems to believe that appellate counsel was ineffective for failing to previously present his unexhausted claims to the state courts, which may provide good cause.  Lastly, the Court finds that the unexhausted claims do not appear to be plainly meritless and there is no evidence of intentional delay.  Therefore, the Court shall hold the petition in abeyance and stay the proceedings pending Petitioner's exhaustion of state court remedies as to his additional, unexhausted claims.

Accordingly, the Court **GRANTS** Petitioner's motion (Dkt. 5) to stay the proceedings and hold the habeas petition in abeyance.  These proceedings are **STAYED**.  The stay is conditioned on

Petitioner presenting his unexhausted claims to the state courts within 60 days of the filing date of this order by filing a motion for relief from judgment with the trial court.  Hill v. Anderson, 300 F.3d 679, 683 (6th Cir. 2002).  The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend his petition, using the same caption and case number, within 60 days of fully exhausting state remedies.  Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002).  Should Petitioner fail to comply with these conditions, his case may be dismissed.  Given this determination, the Court **DENIES** as moot Respondent's motion to enlarge response time (Dkt. 6).

The Clerk of the Court is directed to close this case for administrative purposes pending compliance with these conditions.

SO ORDERED.

Dated:  July 16, 2012                                        s/Mark A. Goldsmith
       Flint, Michigan                                    MARK A. GOLDSMITH
                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 16, 2012.

                                          s/Deborah J. Goltz
                                          DEBORAH J. GOLTZ
                                          Case Manager